# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LEE V. QUILLAR, | Case No. 01CV968 BTM (BEN) |
|---|---|
| Petitioner-Defendant, | **ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT** |
| v. | |
| RICK M. HILL, | |
| Respondent-Plaintiff. | |

On May 29, 2003, the Court filed an order adopting the Magistrate Judge's Report and Recommendation that Petitioner's habeas corpus petition be denied. Petitioner now moves under Fed. R. Civ. P. 60(b)(6) for relief from this judgment. For the reasons that follow, this motion is **DENIED**.

Petitioner's Rule 60(b)(6) motion is based on Petitioner's "new discovery" that his trial counsel was disbarred in 2007 for misconduct in two matters, one of which involved the attorney's failure to competently work on a state habeas corpus petition. (*See* app. at 28-30) The gravamen of Petitioner's motion is that his claims for ineffective assistance of counsel and other claims raised in his habeas petition should be reevaluated in light of this disbarment.

Defendant's motion is actually a successive § 2254 motion and the Court shall treat it as such. *See Gurry v. McDaniel*, 149 Fed. Appx. 593, 596 (9th Cir. 2005) (construing ineffective assistance of counsel argument raised in a Rule 60(b) motion as a successive § 2255 petition). A Rule 60(b) motion constitutes a second or successive habeas petition

under 28 U.S.C. § 2244(b) when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). A claim is defined as "an asserted federal basis for relief from a state court's judgment of conviction"; a motion brings a claim "if it attacks the federal court's previous resolution of a claim on the merits." *Id.* at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at n.4. By contrast, a Rule 60(b) motion that "challenges only the District Court's failure to reach the merits [of a habeas claim] does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)." *Id.* at 538.

Here, Petitioner brings the same substantive claims for federal relief that were raised in the habeas petition. The Court reached the merits of each of his claims in the denial of his petition. *C.f. Phelps v. Alameida*, 569 F.3d 1120, 1132 (9th Cir. 2009) (Rule 60(b)(6) motion not a successive petition where District Court's denial of habeas petition rested on statute of limitations grounds). Accordingly, Petitioner's motion, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition." *Gonzalez*, 545 U.S. at 531.

The Court lacks jurisdiction to consider Defendant's successive § 2254 motion because the successive motion has not been certified by a panel of Ninth Circuit judges as required by 28 U.S.C. § 2244(b). Therefore, Defendant's successive § 2254 motion is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: December 6, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge