# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE V. QUILAR,<br><br>　　　　Petitioner,<br>　v.<br>RICK M. HILL,<br><br>　　　　Respondent. | Case No. 01cv00968 BTM (BEN)<br><br>**ORDER DENYING "MOTION FOR RELIEF FROM JUDGMENT"** |

　　　The Petitioner moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons stated herein, the Court DENIES the Petitioner's motion.

　　　On May 29, 2003, the Court entered an order adopting the Magistrate Judge's Report and Recommendation that Petitioner's habeas corpus petition be denied. On October 12, 2010, the Petitioner moved under Federal Rule of Civil Procedure 60(b)(6) for relief from the Court's 2003 judgment, alleging new facts showing ineffective assistance of counsel during his criminal trial. On December 7, 2010, the Court construed the Petitioner's Rule 60(b)(6) motion as a successive § 2254 habeas petition and dismissed it for lack of jurisdiction.

　　　On August 8, 2011, the Petitioner filed a second Rule 60(b) motion for relief from the Court's May 29, 2003 order. (See Dkt. No. 91.) In his latest motion, the Petitioner argues that he suffered "fraud upon the court" due to falsification of minute orders by the trial judge during his criminal trial in 1996. He states that this Court has not addressed his fraud upon

the court claims in any previous order. The Petitioner has not moved before the United States Court of Appeals for the Ninth Circuit for an order authorizing this Court to consider a successive habeas petition.

As with the Petitioner's previous Rule 60(b)(6) motion (Dkt. No. 83), the Court construes the Petitioner's present motion as a successive § 2254 habeas petition. See United States v. Swisher, 790 F. Supp. 2d 1215, 1247 (D. Idaho 2011) ("[W]hen a Rule 60(b) motion seeks to add a new ground for relief or attacks the resolution on the merits of the underlying habeas decision, the motion to reconsider is effectively a second or successive habeas petition.").

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. 2241 et seq., requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Petitioner has not moved before the appropriate court (the United States Court of Appeals for the Ninth Circuit) for an order authorizing him to file a successive habeas application. (See generally Lee Quillar v. The State of California, Case No. 10-57072 (9th Cir.).) For this reason, the Court lacks jurisdiction to consider this or any other additional Rule 60(b)(6) motions seeking relief from judgment. The Court therefore DISMISSES the Petitioner's Motion For Relief From Judgment.

DATED: January 3, 2012

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge